THOMAS P. REILLY, Respondent, *v.* WILLIAM H. HILL, Appellant.

Third Department, June 25, 1936.

*Green & Anderson [Floyd E. Anderson* of counsel], for the motion, upon behalf of the defendant.

*Hinman, Howard & Kattell [C. Addison Keeler* of counsel], for the plaintiff, opposed.

PER CURIAM. Motion to correct form of decision. This action was brought in September, 1932, to recover $6,088.90 for labor, and $382 for shrubs and trees sold, a total of $6,470.90, less payments of $712 pleaded in the complaint, the demand being for the balance $5,758.90. Plaintiff was engaged in the business of selling and planting shrubs and trees. Defendant was the owner of a farm upon which he had built a fine residence. His father owned residence property in the adjoining village of Johnson City.

The items of this account begin in August, 1928, and continue to March, 1932. During this period plaintiff did other work for defendant for which he received pay, but claims that he was not paid for the items for which the action was brought. He kept no regular books, but says he wrote down this account upon used envelopes, odd pieces of paper and in a book. These original entries he did not, and said he could not, produce upon the trial, but gave this testimony as to the items making up this more than $6,000 bill from sheets of paper, copied, he says, from the original data at about the time he brought the action. While the referee made seventy-six findings of fact, the bill divides itself into five headings. The first charge of $40 is for spraying trees on August 4, 1928. This is followed by six items in the two following years. The aggregate charge was $135; it was allowed by the referee at $134. The prices charged were excessive, and a portion of the work was upon the property belonging to defendant's father. No bill had been presented to defendant for these items and no request made for payment prior to the action. Another item allowed by the referee was $1,057 for moving a Norway spruce tree from Leraysville, Pa., to defendant's farm. Plaintiff's methods in this work were impractical and without result, as the tree died. He borrowed a ten-ton trailer to carry the tree to be drawn by his small two-ton truck. This resulted in a breakdown, with repairs charged to defendant. He made unnecessary trips, and the amount allowed, according to disinterested witnesses, is several times the value of the work performed. Defendant testifies he had no

knowledge that the tree was to be brought to his place, and that plaintiff said it was a gift. Plaintiff's version is that this work was not to be paid for if the defendant obtained a political job for him. Another item for $320 was for work in decorating and repairing an outdoor pool. The evidence does not sustain the amount allowed. Further items were for work beginning in June, 1931, and continuing through to November of that year. For this the charge was $4,014, of which $2,750 was for a rock garden; $150 for moving spirea; $320 for assisting in building a stone wall said to be about thirty feet long; and $450 for moving trees, besides other comparatively small charges. The referee allowed these items at $2,189. The reading of plaintiff's evidence makes it obvious that many of these charges were fabricated. He explained his inability to show withdrawals from his bank account to pay men that he claimed to have employed by saying that he kept his money in a safe deposit vault in cash. Later in the season, the identical spirea was moved to a new location in less than a day by one of defendant's employees. The finding as to value of the services was against the weight of evidence. Another item of $562.90 for assisting in building a greenhouse was allowed. This amount is excessive under the proof. There was an item of $382 for shrubs and trees claimed to have been furnished. Of this amount, $23.50 was in the years 1928 and 1929, and was allowed by the referee as claimed. The balance was reduced by $140.52, making the total amount allowed $241.50. Payments to the amount of $1,032.57 were found by the referee, but a credit of $864.70 only was allowed, the difference being amounts which the referee found were paid by defendant for other work. Some of defendant's checks to plaintiff were found not to be payments; one $124.55 dated August 1, 1931; another $74.70 dated August 16, 1931. The weight of evidence favored their allowance. During the time the rock garden was being built, checks were given each week to the plaintiff by defendant's agent, his father. Each apparently paid for services during the week immediately preceding its date. This was the testimony of defendant's witness.

Some of the services for which this action was brought unquestionably were rendered. Plaintiff has been paid substantial sums. The fact that other work of the same general character was paid for in full during the time covered by this account, the unsatisfactory nature of plaintiff's evidence that he obtained money from a " tin box " to pay help when he could show neither checks to the help nor withdrawals from his bank account, in the face of evidence that men to the number which he claimed were not employed, the fact that no bills were sent or requests made for payment,

and the lack of an account kept according to ordinary business methods, induces a belief that much of this claim is fabricated. However, this may be determined upon a new trial.

The decision as originally rendered was faulty in form. The defendant has delayed making a motion to correct it. The motion should be granted upon terms.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

RHODES, J. I concur in the result, in so far as the decision is ordered corrected. It is evident that the majority of this court intended to reverse the judgment below upon the facts. The decision, as handed down, should reflect what the court intended, and should be amended accordingly.

Motion to correct decision granted upon the payment of all expenses incurred by the plaintiff in printing a supplemental record or supplemental pages to the present record on appeal in the Court of Appeals and in reprinting such portion of his brief as may be determined necessary. These disbursements are to be taxed. The decision is amended to read as follows:

" Judgment reversed on the facts and a new trial granted, with costs to the appellant to abide the event.

" The court reverses all of the findings of fact from and including No. 6 to and including No. 76, and all findings of fact contained in that part of the decision captioned ' Conclusions of Law.' "